1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM W. CHISM, II,

            Plaintiff,

      v.

HON. PARIS KALLAS, *et al.*,

            Defendants.

CASE NO. C07-1434RSM

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT
THEREOF

## I.  INTRODUCTION

This matter comes before the Court on defendants' Motion to Dismiss and Memorandum in Support Thereof.  (Dkt. #4).  Defendants argue that the *Rooker-Feldman* doctrine prevents this Court from exercising subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) because plaintiff's claims are inextricably intertwined with a state court judgment.  Alternatively, defendants argue that plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) under the tort rule of "favorable termination."  Plaintiff, appearing pro se, responds that the *Rooker-Feldman* doctrine does not apply because plaintiff is not asking this Court to review a state court judgment.  Plaintiff also responds that defendants misconstrue the tort rule of "favorable termination," thereby making it inapplicable to the instant case.

For the reasons set forth below, the Court agrees with defendants, and GRANTS defendants' Motion to Dismiss and Memorandum in Support Thereof.

MEMORANDUM ORDER
PAGE - 1

## II.  DISCUSSION

### A.  Background

The instant case arises out of a criminal trial in King County Superior Court for the State of Washington in which plaintiff William W. Chism, II ("Mr. Chism") was found guilty of second degree assault.[1]  (Dkt. #1, Plaintiff's Complaint, ¶ 21).  During this trial, Mr. Chism alleges that defendant King County Superior Court Judge Paris Kallas ("Judge Kallas") made three improper rulings.  (*Id.* at ¶ 1).  First, Mr. Chism contends that Judge Kallas allowed the State to refer to the complainant as a "victim" throughout the trial, despite the fact that the sole issue during trial was whether Mr. Chism acted in self-defense.  (*Id.* at ¶ 22).  Second, Mr. Chism argues that Judge Kallas improperly admitted evidence which had no material connection to the crime charged.  (*Id.* at ¶ 24).  Lastly, Mr. Chism argues that Judge Kallas improperly excluded favorable testimony.  (*Id.* at ¶ 25).  Each of these errors were set forth on appeal by Mr. Chism to Division One of the Court of Appeals for the State of Washington.  (*Id.* at ¶ 2).  The appellate court, comprised of defendant Judge Susan Agid ("Judge Agid"), defendant Judge Ann Schindler ("Judge Schindler"), and Judge William Baker ("Judge Baker")[2], affirmed Mr. Chism's conviction.  (*Id.*, Ex. B).  Shortly thereafter, Mr. Chism filed a petition for discretionary review to the Washington State Supreme Court, raising the same three issues he raised to the Court of Appeals.  (*Id.* at ¶ 28).  The Washington Supreme Court denied the petition.  (*Id.* at ¶ 29).

Based on these events, Mr. Chism filed the instant complaint in this Court for deprivation of civil rights under 42 U.S.C. § 1983.  Mr. Chism specifically alleges that Judge Kallas violated his "constitutionally secured right to a fair trial."  (*Id.* at ¶ 1).  Furthermore, Mr. Chism alleges that Judge Agid and Judge Schindler affirmed his conviction by either disagreeing or ignoring well-establish precedent.  (*Id.* at ¶ 2).  He argues that "the appellate

---

[1] Mr. Chism has completed his sentence and has been released from custody.  (Dkt. #1, Plaintiff's Complaint, ¶ 3).

[2] Judge Baker is not a named defendant in the instant case.

MEMORANDUM ORDER
PAGE - 2

1    review . . . lacks integrity." (*Id.*).  As a result, Mr. Chism alleges that each of the judges

2    deprived him of his constitutional rights under 42 U.S.C. § 1983, and that the judges' acts and

3    omissions were a material factor in his unlawful conviction.  (*Id.* at ¶ 5).  The defendants now

4    move to dismiss plaintiff's complaint.

5            **B.  Standard of Review**

6            A motion to dismiss under Fed. R. Civ. P. 12(b)(1) addresses the court's subject

7    matter jurisdiction.  *See id.*  Federal courts are courts of limited jurisdiction.  *Kokkonen v.*

8    *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  They possess only that power authorized

9    by United States Constitution and statute, which is not to be expanded by judicial decree.  *Id.*

10   The burden of establishing the subject matter jurisdiction rests upon the party asserting

11   jurisdiction.  *Id.*  When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1),

12   the Court is not restricted to the face of the pleadings, but may review any evidence, such as

13   affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.

14   *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

15           Meanwhile, under Fed. R. Civ. P. 12(b)(6), the Court must dismiss a complaint if a

16   plaintiff can prove no set of facts to support a claim which would entitle him to relief.  *Van*

17   *Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v. Golden*

18   *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  In deciding a motion to dismiss, the Court

19   accepts as true all material allegations in the complaint and construes them in the light most

20   favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir.

21   2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.

22   1998).  However, conclusory allegations of law and unwarranted inferences are insufficient to

23   defeat a motion to dismiss.  *Associated Gen. Contractors*, 159 F.3d at 1181.  When a

24   complaint is dismissed for failure to state a claim, "leave to amend should be granted unless

25   the court determines that the allegation of other facts consistent with the challenged pleading

26   could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,

27   806 F.2d 1393, 1401 (9th Cir. 1986).

28

MEMORANDUM ORDER
PAGE - 3

**C. The *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, a federal court cannot entertain constitutional claims that are inextricably intertwined with a state court's judgment. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 286, n.1, 125 S.Ct. 1517 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, n.16, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149 (1923). In other words, "a party losing in state court is barred from seeking what in substance would be *appellate review* of the state court's judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647 (1994) (emphasis added). Pursuant to 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with jurisdiction to hear such an appeal. *See id.* Therefore, federal district courts are courts of original, not appellate, jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal district courts simply have "no authority to review the final determinations of a state court in judicial proceedings . . . even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-91 (9th Cir. 1986).

The *Rooker-Feldman* doctrine does not, however, operate to devoid federal district courts of subject matter jurisdiction entirely when reviewing state court decisions. In fact, the Supreme Court has expressly held that the doctrine has a narrow application. *See Exxon Mobil Corp.*, 544 U.S. at 284. For example, the *Rooker-Feldman* doctrine does not touch the writ of habeas corpus. *See Plyler v. Moore*, 129 F.3d 728, 732 (4th Cir. 1997); *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993); *Blake v. Papadakos*, 953 F.2d 68, 71, n.2 (3d Cir. 1992). Federal habeas corpus law expressly provides for federal collateral review of final state court judgments, and requires exhaustion of state remedies as a precondition for federal relief. *See* 28 U.S.C. § 2254. Additionally, the doctrine does not impact bankruptcy law, as bankruptcy courts are empowered to avoid state judgments. *See* 11 U.S.C. §§ 544, 547, 548, 549. The Supreme Court has also held that *Rooker-Feldman* does not apply to a suit in which review is sought in federal district court of an "executive action, including determinations

MEMORANDUM ORDER
PAGE - 4

1    made by a state administrative agency." *Verizon Maryland Inc. v. Public Service*

2    *Commission*, 535 U.S. 635, 644, n.3, 122 S.Ct. 1753 (2002).  The doctrine also does not

3    apply to a federal court suit brought by a nonparty to the state court suit.  *Johnson*, 512 U.S.

4    at 1006.

5          Nevertheless, case law is clear in establishing that the *Rooker-Feldman* doctrine

6    operates to bar *de facto* appeals from state court decisions.  *See Noel v. Hall*, 341 F.3d 1148,

7    1161 (9th Cir. 2003); *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)

8    (finding that the *Rooker-Feldman* doctrine generally bars federal district courts "from

9    exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court

10   judgment") (emphasis in original).  For example, in *Worldwide Church of God*, defendants

11   who lost at state court brought a 42 U.S.C. § 1983 action in federal district court.  805 F.3d

12   at 890.  They named the state superior court as a defendant, alleged as a legal wrong that the

13   state court jury verdict was unconstitutional, and sought an injunction against the enforcement

14   of the state court judgment based on the verdict.  *Id.*  The Ninth Circuit held that the federal

15   suit was barred by the *Rooker-Feldman* doctrine.  *Id.* at 893.

16         Here, Mr. Chism's complaint filed in this Court fits squarely within the *Rooker-*

17   *Feldman* doctrine.  Mr. Chism is a state court loser who is seeking review and ultimately

18   rejection of the state court judgments against him.  As Mr. Chism alleges in his complaint, he

19   brings his 42 U.S.C. § 1983 complaint because the defendants "deprived [Mr. Chism] of his

20   constitutionally secured right to a fair trial . . . which materially prejudiced [Mr. Chism] at

21   trial."  (Dkt. #1, Plaintiff's Complaint, ¶ 1).  Specifically, and as mentioned above, Mr. Chism

22   alleges that Judge Kallas improperly allowed the State to refer to the complainant as a

23   "victim" throughout trial, improperly admitted prejudicial evidence, and improperly excluded

24   favorable testimony.  (*Id.* at ¶¶ 22, 24, 25).  However, and as Mr. Chism admits in his

25   complaint, the state trial court was affirmed by  Division One of the Court of Appeals for the

26   State of Washington as to each alleged error made by Judge Kallas.  (*Id.* at ¶ 2).  Additionally,

27   the Washington State Supreme Court denied Mr. Chism's petition for discretionary review.

28   (*Id.* at ¶ 29).

MEMORANDUM ORDER
PAGE - 5

1       Notwithstanding these facts, Mr. Chism argues that *Rooker-Feldman* does not apply

2   because he is not asking this Court to reverse a mistake or error made at the state court level.

3   (Dkt. #8 at 5).  Rather, Mr. Chism argues that he is asking this Court to decide whether the

4   state court judges committed misconduct.  (*Id.*).  Thus, Mr. Chism argues that his complaint is

5   not a *de facto* appeal, but rather an independent claim that the state court judges acted

6   illegally, thereby violating his constitutionally protected rights.  (*Id.*).

7       Regardless of the way in which Mr. Chism characterizes his claims, he cannot avoid

8   the substance underlying those claims.  The basis for Mr. Chism's complaint in this Court is

9   that Judge Kallas made improper rulings, and Judge Agid and Judge Schindler ignored

10  precedent by affirming Judge Kallas' rulings.  The complaint, therefore, is precisely a *de facto*

11  appeal to this Court of a state court decision.  Finding that the state court judges acted

12  illegally would effectively reverse the judgment made by the state appellate court, because it

13  would reject the findings made by Judge Agid and Judge Schindler that the alleged errors

14  made by Judge Kallas during trial were not improper.  Furthermore, Mr. Chism cannot avoid

15  *Rooker-Feldman* simply by claiming that his federally protected constitutional rights are at

16  stake.  *See Johnson,* 512 U.S. at 1006; *Worldwide Church of God*, 805 F.2d at 891.  As a

17  court of original jurisdiction, this Court is prohibited from undertaking such a task under the

18  *Rooker-Feldman* doctrine.

19      Ultimately, state court losers complaining of injuries caused by state court judgments

20  cannot invite a federal district court to review and reject those judgments.  *See Exxon Mobil*

21  *Corp.*, 544 U.S. at 284.  As a result, the Court finds that it lacks subject matter jurisdiction

22  under the *Rooker-Feldman* doctrine, and plaintiff's claims shall be dismissed with prejudice.

23  While leave to amend a complaint is liberally granted, it is not necessary where, as here, the

24  defects in the complaint cannot be cured.  *See Schreiber*, 806 F.2d at 1401.

25      **D.  Defendants' Remaining Arguments**

26      The Court finds it unnecessary to address defendants' alternative arguments because

27  the *Rooker-Feldman* doctrine operates to dismiss plaintiff's complaint.

28

MEMORANDUM ORDER
PAGE - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  CONCLUSION

Having reviewed defendants' motion, plaintiff's response, defendants' reply, and the remainder of the record, the Court hereby finds and orders:

(1)  Defendants' Motion to Dismiss and Memorandum in Support Thereof (Dkt. #4) is GRANTED.  Plaintiff's claims are dismissed with prejudice.  The case is now CLOSED.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record and to pro se plaintiff at the following address: 2100 Newfield Lane, Austin, TX 78703.

DATED this   11   day of February, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

MEMORANDUM ORDER
PAGE - 7